**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ASHLEY BRACKEN,

       Plaintiff,

v.                                                                    Case No. 3:19-cv-982-J-34PDB

UNITED STATES OF AMERICA,

       Defendant.

_____/

**O R D E R**

**THIS CAUSE** is before the Court on Defendant United States' Motion to Dismiss (Doc. 5; Motion), filed on November 8, 2019. On December 5, 2019, Plaintiff Ashley Bracken (Bracken) filed a response in opposition to the Motion. See Ashley Bracken's Response to Defendant's Motion to Dismiss (Doc. 8; Response). Accordingly, this matter is ripe for review.

**I.     Background**

This action arises from what Bracken describes as the United States' "wrongful recoupment" of "Post-9/11 GI Bill education benefits" which the United States paid to Bracken by reason of her previous marriage to a former member of the United States Army Reserve. See generally Complaint (Doc. 1). In her Complaint, Bracken provides the following facts underpinning her claims. Bracken married Christopher Bazzle (Bazzle) in 2015. Id. at 6. At that time, Bazzle was a member of the United States Army Reserve, who by virtue of his service qualified for Post 9/11 GI Bill education benefits under 38 U.S.C. § 3311. See Complaint ¶¶ 7, 8. During the marriage, Bazzle "transferred some of his Post 9/11 GI Bill education benefits to [Bracken] pursuant to 38 U.S.C. § 3319," thereby

incurring a four-year service obligation with the Army Reserves. Id. ¶¶ 9, 10. From 2015 to 2017, Bracken enrolled in and attended Keiser University, receiving benefits from the United States in the form of "tuition, [a] housing allowance, and payment for books/supplies" (Education Benefits). Id. ¶¶ 11, 15. However, "on or around September 26, 2016 Christopher Bazzle was involuntarily discharged from the Army Reserves," and thus "did not meet satisfy [sic] his service obligation for spousal transfer of Post 9/11 GI Bill education benefits." Id. ¶¶ 12, 13. As a result, the United States sought recoupment of the Education Benefits it paid to Bracken. Id. ¶ 18. Additionally, Keiser University has sought payment from Bracken for sums the United States refused to pay on her behalf. Id. ¶ 14. In November of 2016, Bazzle filed for dissolution of his marriage to Bracken. Id. ¶ 16. The state court dissolved the marriage on July 16, 2018. Id. at ¶ 17; see also Ex. A (Doc. 1-1).

On August 22, 2019, Bracken filed the instant suit to contest the United States' recoupment of the Education Benefits she received. See generally Complaint. In her Complaint, Bracken asserts three claims under the Administrative Procedures Act (APA), 5 U.S.C. § 702. See id. at 1; ¶¶ 28-33. In each, Bracken seeks "judicial review and forgiveness of" a debt she owes to the United States, specifically: FedDebtID number 1700428833A (Count I), FedDebtID number 1700428919A (Count II), and FedDebtID number 1700428934A (Count III). Id. ¶¶ 28-33.

The United States moves to dismiss Bracken's Complaint pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure (Rule(s)), primarily arguing that the Veterans' Judicial Review Act (VJRA), 38 U.S.C. § 511, divests this Court of subject matter jurisdiction. See

generally Motion.[1]   Specifically, the United States argues that the Board of Veterans'

Appeals has exclusive, original jurisdiction over Bracken's claims.[2]   See id. at 1.   Bracken

opposes the Motion.   See generally Response.

## II.   Standard of Review

In the Motion, the United States seeks dismissal of Bracken's Complaint pursuant

to Rule 12(b)(1) based on its contention that the Court lacks subject-matter jurisdiction over

Bracken's claims.   See Motion at 1.   Federal courts are courts of limited jurisdiction

"'empowered to hear only those cases within the judicial power of the United States as

defined by Article III of the Constitution,' and which have been entrusted to them by a

jurisdictional grant authorized by Congress."   See Univ. of S. Ala. v. Am. Tobacco Co., 168

F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir.

1994)).   Indeed, jurisdiction is the power of the Court to declare the law.   Id. at 410.   "When

a federal court acts outside its statutory subject-matter jurisdiction, it violates the

fundamental constitutional precept of limited federal power."   Id. at 409 (internal quotation

omitted).   Such action offends the "'principles of separation of powers.'"   Id. at 410 (quoting

Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)).   As such, "[i]f the court

determines at any time that it lacks subject-matter jurisdiction, it must dismiss" the claim.

See Rule 12(h)(3); see also Univ. of S. Ala., 168 F.3d at 410 ("Simply put, once a federal

court determines that it is without subject matter jurisdiction, the court is powerless to

continue.").

---

[1] The United States attaches documents to its Motion that appear to be letters the Department of Veterans' Affairs sent to Bracken regarding her Education Benefits.   See generally Motion, Ex. 1 (Doc. 5-1).
[2] In the event the Court finds that it has subject matter jurisdiction over the instant action, the United States alternatively moves to dismiss Bracken's Complaint under Rule 12(b)(6).   See Motion at 2 n. 2.

The jurisdiction of the federal court may be attacked facially or factually.  Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).  In a facial challenge, a court assumes the allegations in the complaint are true and determines whether the complaint sufficiently alleges a basis for subject-matter jurisdiction.  Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).  On the other hand, factual attacks "challenge the 'existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'"  Id. (citation omitted).  In considering a factual attack on subject-matter jurisdiction, the Court is free to weigh the facts and is not constrained to view them in the light most favorable to the plaintiff.  Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009), cert. denied, 130 S.Ct. 3499 (2010).  "'The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim.'"  See Williams v. Poarch Band of Creek Indians, 839 F.3d 1312, 1314 (11th Cir. 2016) (quoting Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005)).

### III.    Discussion

Bracken brings her claims against the United States based on the APA's limited waiver of sovereign immunity.  See Complaint at 1 (citing 5 U.S.C. § 702).  Relevant to the instant suit, the APA authorizes judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court . . ."  See 5 U.S.C. § 704.  Significantly, § 704 provides that "[a] preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action."  Id.  As such, a court lacks jurisdiction to review agency action "when the administrative action in question is not 'final' within the meaning of 5

U.S.C. § 704."  See Nat'l Parks Conservation Ass'n v. Norton (Stiltsville Case), 324 F.3d 1229, 1236 (11th Cir. 2003).  Additionally, the APA provides no cause of action where another statute precludes review.  Block v. Cmty. Nutrition Inst., 467 U.S. 340, 345 (1984).

With respect to the contours of "final agency action" in Bennett v. Spear, the Supreme Court explained that:

> As a general matter, two conditions must be satisfied for agency action to be 'final': First, the action must mark the 'consummation' of the agency's decisionmaking process,—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'

Bennett, 520 U.S. 154, 177-78 (1997) (internal citations omitted) (quoting Chicago & S. Air Lines, Inc. v. Waterman S.S. Corp., 333 U.S. 103, 113 (1948) and Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic, 400 U.S. 62, 71 (1970)).  In contrast, a non-final agency action is one that "'does not itself adversely affect complainant but only affects his rights adversely on the contingency of future administrative action.'"  Stiltsville Case, 324 F.3d at 1237 (quoting Am. Airlines, Inc. v. Herman, 176 F.3d 283, 288 (5th Cir. 1999)).

Here, Bracken seeks judicial review and forgiveness of debts she owes to the United States by virtue of her receipt of Post 9/11 GI Bill Education Benefits.  See Complaint at 1; ¶¶ 23-28.  The VJRA sets out the relevant framework for reviewing benefits determinations by the Department of Veterans' Affairs, and in doing so establishes the stage at which the agency's benefits determinations become final.  See generally Hall v. U.S. Dep't of Veterans' Affairs, 85 F.3d 532, 534 (11th Cir. 1996) (laying out the VJRA framework for review of benefits determinations by the Department of Veterans' Affairs).  Notably, within

the VJRA's framework, decisions by the Board of Veterans' Appeals are the "final decision" of the Secretary:

> The VJRA provides the decision of the Secretary as to any 'questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits. . .shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.'

Milbauer v. United States, 587 Fed. Appx. 587, 590 (11th Cir. 2014) (emphasis omitted) (quoting 38 U.S.C. § 511(a)).[3]  In this regard, "[t]he VJRA does not completely eliminate judicial review of benefits decisions.  Rather, determinations of the Secretary may be appealed to the Board of Veterans' Appeals [], whose ruling becomes the final decision of the Secretary."  Id. (citing 38 U.S.C. § 7104).  Once the Board of Veterans' Appeals has made a final decision, the VJRA's review framework provides that:

> Decisions of the Board may then be reviewed exclusively by the United States Court of Veterans Appeals, an Article I court established by the VJRA. Decisions of the Court of Veterans Appeals are in turn appealable solely to the United States Court of Appeals for the Federal Circuit, which has 'exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof. . .and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision.' The judgment of the Federal Circuit Court of Appeals is then subject to review by the United States Supreme Court by writ of certiorari. . .

Hall, 85 F.3d at 534 (internal citations omitted).  In other words, pursuant to the VJRA, Bracken must first appeal the Department of Veterans' Affairs Regional Office's initial determination to the Board of Veterans Appeals.  If she is still not satisfied, she may seek

---

[3] The acting Secretary does not actively participate in benefits determinations; rather, his/her authority is typically vested in the Veterans Affairs Regional Office.  See Pate v. Dep't of Veterans Affairs, 881 F. Supp. 553, 556 n.2 (M.D. Ala. 1995) ("Obviously the Secretary does not participate in the determinations personally. However, Congress has authorized the Secretary to 'assign functions and duties, and delegate, or authorize successive redelegation of, authority to act and to render decisions, with respect to all laws administered by the Department, to such officers and employees as the Secretary may find necessary,'" citing 38 U.S.C. § 512(a), "The decision making in situations such as the instant case is generally left with the VA Regional Office.") (citation omitted).

review in the United States Court of Appeals for Veterans Claims.  Finally, she may take a further appeal to the Federal Circuit, and from there to the Supreme Court of the United States via a writ of certiorari.  This Bracken has not done.

Perhaps recognizing that the VJRA provides no basis for this Court to exercise jurisdiction over her claims, Bracken attempts to rely on the APA.  However, this attempt fails, as she seeks to challenge non-final agency actions.  See 5 U.S.C. § 704.  Specifically, Bracken asks the Court to review the initial decision by the Department of Veterans' Affairs to seek recoupment of the Education Benefits she received.[4]  However, the documents the Department of Veterans' Affairs sent to Bracken demonstrate that she is merely in the initial stage of the VJRA's statutory framework for reviewing benefits determinations.  See generally Motion, Ex. 1.  In fact, the document entitled "Your Rights to Appeal Our Decision" specifically outlines the options available to Bracken to challenge the Department's decision, including an appeal to the Board of Veterans' Appeals.  See id. at 13, 14.  As explained above, a determination by the Secretary does not become final until the Board of Veterans' Appeals has made a decision on a complainant's appeal.  See Milbauer, 587 Fed. Appx. at 590 (citing 38 U.S.C. § 7104).  Bracken does not allege that the Board of Veterans' Appeals has made a final determination in her case, nor do the documents the United States attaches to the Motion suggest that Bracken appeals any final agency action.  See generally Complaint.  Therefore, Bracken improperly seeks review of a non-final

---

[4] The Court notes that the United States' Motion makes a factual attack on this Court's subject matter jurisdiction in that the United States has submitted evidence challenging this Court's subject matter jurisdiction irrespective of the pleadings.  Specifically, the United States attaches to its Motion several documents sent to Bracken by the Department of Veterans' Affairs regarding her obligations to repay the Education Benefits she received.  See generally Motion, Ex. 1.  Because the United States makes a factual attack on this Court's subject matter jurisdiction, the Court may consider matters outside the pleadings.  See Miccosukee Tribe of Indians of Fla. v. U.S. Envtl. Prot. Agency, 105 F.3d 599, 603 (11th Cir. 1997).  Notably, however, even a facial review of the Complaint would reveal that the Court does not have subject matter jurisdiction over Bracken's claims.

agency action under the APA, and thus the United States' Motion is due to be granted. See 5 U.S.C. § 704.

Moreover, the VJRA itself precludes this Court's exercise of jurisdiction over Bracken's claims.  Indeed, even if Bracken challenged a final agency action as required by the APA, the VJRA would nonetheless require the Court to dismiss her Complaint for want of subject matter jurisdiction.  Specifically, the VJRA's exclusive review procedure divests federal district courts of jurisdiction to hear challenges to benefits decisions and procedures of the Department of Veteran's Affairs.  See, e.g., Milbauer, 587 Fed. Appx. 587, 590; Cheves v. Dep't of Veterans' Affairs, 227 F. Supp. 2d. 1237, 1242 (M.D. Fla. 2002) ("In 1988, Congress passed the Veterans' Judicial Review Act ("VJRA"), Pub.L.No. 100–687, 102 Stat. 4105 (1988), which clearly announced Congress's intent to preclude review of benefits determinations in federal district courts.").  Indeed, "it is well established that 38 U.S.C. § 511 precludes judicial review of determination of VA benefits outside of the [VJRA's] structure."  Williamson v. Sec'y of Veteran Affairs, 139 F. Supp. 3d 1282, 1286 (N.D. Ala. 2015) (citing 38 U.S.C. § 511(a), and collecting cases).

Here, both Bracken's Complaint and the set of documents sent to her by the Department of Veterans' Affairs independently establish that Bracken brings this suit to challenge the initial decision by the Department of Veterans' Affairs to seek recoupment of the Education Benefits she received under 38 U.S.C. §§ 3311 & 3319.[5]  See Complaint at 1 ("This is an action. . .to stop wrongful recoupment of Post-9/11 GI Bill education benefits by Defendant."); ¶¶ 8, 9.  Although Bracken argues that her claims do not concern benefits

---

[5] For purposes of the VJRA, "[t]he term 'benefit' means 'any payment, service, commodity, function, or status, entitlement to which is determined under the laws administered by the Department of Veterans' Affairs pertaining to veterans and their dependents and survivors.'"  Milbauer, 587 Fed. Appx. at 590 (quoting 38 C.F.R. § 20.3(e)).

determinations, see Response at 6, her argument is unavailing.  There is no question that Bracken seeks review of the Department of Veterans' Affairs's decision to seek recoupment of the Education Benefits Bracken received.  In this regard, there is no material difference between the Department of Veterans' Affairs deciding to grant benefits, deny benefits, or, as here, rescind benefits.  As the district court in Williamson observed, "it is the substance of the claims not the style that determines whether a Court has jurisdiction." Williamson, 139 F. Supp. 3d at 1286 (quoting Cheves, 227 F. Supp. 2d. at 1246: "the statutory bar to judicial review may not be circumvented by characterizing what are in essence challenges to VA benefits determinations in constitutional terms"); see also Reeves v. Veterans Admin., No. CIV.A. 12-00006-KD-N, 2012 WL 2064505, at *6 (S.D. Ala. May 22, 2012), report and recommendation adopted, No. CIV.A. 12-00006-KD-N, 2012 WL 2055038 (S.D. Ala. June 7, 2012) ("This Court must similarly reject any attempt by the plaintiff to hide his true cause of action in order to avoid the prohibitions of 38 U.S.C. § 511.").

In this action, Bracken requests judicial review and forgiveness of her debts—in effect, she desires to keep the Education Benefits she received from the United States. Thus, the Court would be unable to resolve her claims without determining whether she is entitled to keep the Education Benefits paid to her, whether such benefits constituted an overpayment under the relevant laws governing veterans' benefits, and/or whether such overpayment should be forgiven.  The VJRA expressly prohibits district courts from making such determinations, as they would implicate "questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits."  See 38 U.S.C. § 511.

Therefore, the VJRA divests the Court of subject matter jurisdiction to hear Bracken's claims.  Thus, the United States' Motion is due to be granted, and Bracken's Complaint is due to be dismissed without prejudice.

Accordingly, it is

**ORDERED**:

1.  Defendant United States' Motion to Dismiss (Doc. 5) is **GRANTED**.

2.  Plaintiff Ashley Dawn Bracken's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

3.  The Clerk of the Court is directed to terminate all pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 2nd day of July, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc27

Copies to:

Counsel of Record

-10-